## DELAHOUSSAYE v. LASALLE.
### No. 1436.

Court of Appeal of Louisiana.
First Circuit.
Jan. 21, 1935.

Pecot & Bauer, of Franklin, for appellant.

Porteus R. Burke, of New Iberia, for appellee.

MOUTON, Judge.

Plaintiff, an attorney of the city of New Orleans, brought this suit against defendant for the recovery of $200, the alleged balance due him for services rendered defendant, as his attorney, on a criminal charge before the federal District Court for the Eastern District of Louisiana, for a violation of the Federal Prohibition Law (27 USCA).

In a written opinion, the district judge rendered judgment rejecting the demand, from which this appeal is taken by plaintiff.

It is alleged by plaintiff that the price agreed upon between him and defendant was $400, on which defendant paid $200 on account, leaving the balance sued for.

It is also alleged by plaintiff that he faithfully performed the services for which he was employed, and finally secured the dismissal of the charge which had been made against defendant.

The defense is that, when this criminal charge was lodged against defendant, he arranged with plaintiff to defend him in the event of being indicted, whereupon plaintiff required a payment of $200 cash, with the understanding and stipulation of an additional amount of $200, if he was indicted, but that no such defense became necessary, as the charge against him was dismissed by the federal grand jury.

The defendant therefore denies any liability for the balance of $200 claimed by plaintiff.

Plaintiff testifies that defendant, Lasalle, in company with his son and V. Louvierre, came to see him about this charge for the violation of the prohibition laws, which had been brought against Lasalle, defendant, and Louvierre. He says he advised Louvierre to plead guilty to the charge, and did not undertake to represent him, and told Lasalle he would charge him $500 to defend him, but, after discussion, agreed to defend him for $400. He then says that Lasalle paid him $200 on account, and agreed to pay him the balance of $200 without any stipulation as to the date when this amount was to be paid.

The testimony of Lasalle, in reference to the agreement in question, is, that he went to see about employing plaintiff as his attorney when this charge was made against him. He testifies that, after stating to plaintiff that there was no evidence against him, plaintiff said: "If you want me to defend you in case it goes to Court, it will cost you $400.00." He thereafter explains what was really the agreement between them by saying that plaintiff required, at that time, a retainer of $200, which he then paid, and, if an indictment was brought against him, he would be charged $200, in addition thereto.

The district judge correctly remarks in his opinion that a different version of the verbal agreement entered into is given by plaintiff and defendant, and that their testimony is contradictory, incompatible, "and destructive of each other."

In his testimony, defendant says that the property which was raided belonged to Louvierre; we presume it was raided by federal officers, as it is not stated by whom this raiding was made. Four or five affidavits were filed by plaintiff to show that Lasalle had sold

to Louvierre the business where the violations of the Prohibition Law had occurred. The evidence is not clear on this question, but this, as we read the record, accounts for the affidavits filed by plaintiff, which he claims were obtained by him in furtherance of the efforts he was making to have the United States district attorney dismiss the charge against defendant, by his recommendation of no prosecution; and, secondarily, in the event defendant was prosecuted, that plaintiff might be in a position to get the district attorney to recommend to the court the imposition of a suspended sentence.

Two letters were written by plaintiff, marked P. 7 and P. 8, addressed to Mr. Norman, assistant United States attorney, in which Norman was asked to advise him as to what disposition he intended to make of the case against defendant, William Lasalle.

The district judge considered the affidavits, above referred to, and these two letters of inquiry as being steps taken by plaintiff in anticipation of the defense to be made in case the indictment was brought against defendant by the federal grand jury.

In a letter written by plaintiff, October 1, 1929, addressed to defendant, he informs him that Mr. Norman had advised him it would be necessary to file charges against defendant for the violation of the National Prohibition Act. It therefore appears that plaintiff was anticipating such a charge, and we cannot say that the district judge erred in saying, in his opinion, that these documents showed that plaintiff was preparing the defense in case a charge was brought against defendant. It is true that plaintiff was not under the obligation of taking these measures in anticipation of such a charge, under his contract for his retainer of $200, but nevertheless it is not unreasonable to say that he might have taken that course to meet the situation readily if an indictment was filed against his client.

It is shown that defendant wrote a letter to plaintiff in August, 1929, in reference to an assessment by the Prohibition Administrator for taxes. The amount claimed against defendant was for $1,025.66. This tax claim, plaintiff testifies, he handled for defendant without charge. This fact shows that plaintiff was rather generous in rendering professional services for defendant, and inclines us to believe that, when he took steps in anticipation of the probability of an indictment being filed against his client, these measures were taken to readily meet the situation that might arise, and were not in furtherance of an agreement plaintiff had with defendant to defend him for a fee of $400, as contended for by plaintiff.

A letter was also written by plaintiff to Mr. Jackson, Federal Prohibition Administrator, in reference to the tax claims in which he offers to make a compromise for the benefit of Viliare Louvierre, the party who had been charged jointly with defendant for the violation of the prohibition statute, although plaintiff was not employed by Louvierre to defend him. This shows how liberal plaintiff was towards these parties in thus performing his professional services. This letter shows besides that plaintiff must have been on friendly terms with Louvierre. As such cordial relations existed between him and Louvierre, there is nothing to indicate that Louvierre would have been a hostile witness, and it seems to us that he could have called on Louvierre to testify as to what the verbal agreement was between him and defendant. This is said because plaintiff says that defendant had come to him in company with Louvierre when the contract was made and that the son of defendant was also present. It must not be forgotten that the duty rested on plaintiff to make out his case by a preponderance of the evidence, which counsel for plaintiff admits is axiomatic.

Evidently, plaintiff could not have been expected to call defendant's son, who was also present when the agreement was made. Not so, however, as to Louvierre. As plaintiff did not call on Louvierre as a witness to make out his case, defendant, not being bound to establish his defense by a preponderance of the evidence, rested his case on his denial of plaintiff's testimony.

The credence to be given to the testimony of witnesses is left to a large extent to the trial judge, who has the advantage of observing their demeanor on the witness stand.

The appellate courts will not interfere with the findings of fact by trial judges where a proper solution of the issues depends almost entirely on the question of the credibility of those who appear before them as witnesses. Reversals in such cases are proper when justified by the facts and circumstances of the case.

In this case there are no facts or circumstances to warrant a reversal on the ground that the lower court fell into a manifest error in rejecting the demand.

Judgment affirmed.